By the Court.—Ingraham, J.
The court below found that the bonds and mortgages described in the complaint were given for a valuable consideration received by the defendant, William Leonard, on or before the execution thereof ; that there was no usury upon or for the making of such bonds and mortgages, or either of them.
After a careful examination of the evidence given on the trial, we think there was sufficient to sustain that finding. The plaintiffs proved the bonds and mortgages, and also an instrument in writing dated February 16, 1815, signed by the defendant William Leonard, and duly acknowledged before a notary public. That instrument certified that there was justly due and unpaid on said respective mortgages, viz.: one dated August 11, 1813, and the other dated September 19, 1813 (as described in the complaint), the full amount of the principal secured thereby, together -with interest from the respective dates of said mortgages, and that he (Leonard) had no offsets or legal or equitable defense against the same. Plaintiffs also proved an agreement dated October 30, 1816, signed, executed and acknowledged by William Leonard and Eose Leonard, his wife, and which recites that the said mortgages, being the same mortgages described in the foregoing certificate or instrument, are, and each of them is a good and valid hen for the amounts respectively upon the said premises, and there were no claims or offsets of any nature or kind whatsoever against the respective amounts secured thereby, or any part thereof or the interest due, or to grow due thereon.
*12 It will be noticed that both of these instruments are executed long after the execution of the mortgages in question, and not as part of any alleged usurious transaction. They were both formally executed and acknowledged, and while they did not estop the defendant from' denying the truth of the facts stated in them, they are strong evidence as against him.
The defendant to overcome this proof called a witness, who testified that some time in the second week of July, 1873, he was present at a conversation between the plaintiff’s testator and the defendant Leonard; that Leonard asked Moore to loan him $6,000- to finish the building on the mortgaged premises ; that Moore in reply said, “You know the mortgage of $7,000 is on the property already ; I will cancel that $7,000 mortgage, and I ■will give you $5,000 cash if you will give me a mortgage for $13,000.” Leonard said, “I will agree.” That is all the witness • knew of that transaction; was not present when the mortgage was given ; did not know, and it does not appear, that this agreement was carried out, or that the mortgages in suit were given in pursuance of that agreement.
There was a mortgage for $7,000, which was dated August 8, 1867, and that mortgage, being part of the consideration for the $13,000 mortgage described in the complaint, was owned by Mr. Moore at the time, and was satisfied and discharged by him on August 12, 1873. It might well be that the interest due on that $7,000 mortgage at the time of the execution of the $13,000 mortgage was more than sufficient to make up the difference between the amount of the $13,000 and the amount of the additional $5,000 that the witness McDermott said Moore was, by the agreement he heard, to pay to Leonard, if that agreement was afterward carried out.
The same witness again testifies that he heard another conversation about two months later, and this time substantially the same thing is said about another *13 mortgage, Leonard wishing more money to finish the building. Moore this time says, “You give me a mortgage for $4,000, and I will give you $3,000 cash.” Leonard says, “ That is too heavy,” but finally agrees.
The interview happened eleven years before the trial, and was heard by the witness who had no interest in the property or in the parties, and who appears to have no business in the place except to listen to the conversation between Leonard and Moore.
The trial court, having the witness before it, and having heard his evidence, refused to believe his testimony.
The defendant also called two witnesses to ■ swear to admissions made by Moore to Leonard, in which Moore is made to admit that Leonard gave him a mortgage for $13,000, and received only $12,000, and another mortgage for $4,000 and received only $3,000.
In order to sustain his defense, the defendant was bound to set up in the answer the usurious contract, specifying its terms and the particular facts relied upon to bring it within the prohibition of the statute, and to prove them substantially as alleged (Western Transportation Coal Co. v. Kilderhouse, 87 N. Y. 430).
The trial judge has found that the defendant has failed to prove the usurious agreement alleged in his answer, and we think that finding is supported by the evidence, and should not be disturbed.
No error was committed in excluding the contents of the book that Mr. Abbott says he saw on his visit to Moore. No notice to produce that particular book was given to plaintiffs3 attorney. A notice was served on plaintiffs’ attorney to produce a certain account-book containing entries of money paid by Moore to Leonard, and by Leonard to Moore, and a book was produced on the trial which complied with this notice.
It appears that at the same interview, Mr. Abbott had seen another book, but the notice to produce related to but one book, and the production of the book containing the accounts between the parties, complied with the pro *14 visions of the notice. It did not appear that the other book seen by Mr. Abbott contained accounts between Leonard and Moore, or related in any way to the transaction in question, and it further appeared that the witness was allowed, on cross-examination, to testify substantially to the contents of the book.
The other exceptions to the evidence have been examined, but none of them require specific notice. We think none of them well taken.
We think that the judgment appealed from should be affirmed, with costs.
Sedgwick, Oh. J., and O’Gorman, J., concurred.